We'll hear argument next in Liberty Insurance Corporation versus Admiral Insurance Company, 161983. Thank you. Mr. Kinney. Good morning, your honors. Justin Kinney for Appellant, Admiral Insurance Company. The issue before the court on this appeal is whether Liberty Insurance Corporation owes co-primary insurance coverage to four entities. The State University Construction Fund, Krista Construction, the State of New York, and SUNY Oneonta in connection with a Supreme Court action and a Court of Claims action arising out of a construction accident. The other insurance language of the Liberty policy is embedded in an additional insured endorsement. And there's no dispute, both Admiral and Liberty have acknowledged that all four entities are additional insureds under both policies. Liberty's other insurance language says that the Liberty policy is excess unless it's named insured's contract, the contract requiring the additional insured coverage. Which would be the Schenectady contract. That's correct. It's named insured's Schenectady Steel. If that contract requires primary concurrent or primary non-contributing- So the whole question is what, if anything, does this clause after that in comparison to the additional insured's own policy or policies mean, and I have the foggiest idea what that means. Whether that does what opposing counsel says limits the unless clause or whether it's just there for no purpose because I can't find a purpose for it to be there. On the other hand, I'll tell you quite honestly my problem. On the one hand, I don't see what it's there to do unless it's there to do something. On the other hand, I don't understand why what it says does anything that limits the unless. So I just don't know what to do with it, and I'm not quite sure I know how to get out of it. Thank you, Your Honor. I believe you have accurately synthesized the issue. This appeal does in fact turn on the meaning of the language beginning in comparison to. And I agree with Your Honor. It does not, in our view, serve as a limitation on anything else in that provision. But then what is it there for? Your Honor, it's our position that it merely is part of the description of what the underlying contract has to require in order to trigger the exception. That may be, but then there shouldn't be a comma. I would agree with Your Honor. The comma is not only unnecessary, it's certainly misplaced. These are commercial entities regularly dealing with each other in an industry of which the commercial general liability carriers are extraordinarily accustomed to the relationships between generals, owners of properties, generals, and subs and subcontractors. And the interaction of the labor law, which governs most industrial accidents on construction sites, which casts the owner and the general in strict liability for the injuries incurred by others on the work site in violation of section 200 and 240 of the labor law. And so these are arrangements, insurance arrangements, that recognize layers of protection, aren't they? No question, Your Honor. And in comparison to, is in comparison to the additional insured's own policies or policy, right? So it's in comparison to the policies of SUNY, of CRISTA, of Schenectady, those that are, quote, additional insured's under your policy, right? I don't necessarily agree with Your Honor's interpretation. Who else are in comparison to additional insured's own policy or policies? Who are the additional insured's under your policy? I apologize, Your Honor, I misunderstood your question. The additional insured's are the four entities I mentioned, okay? And the reference to- And you do understand that they may have their own policy or policies, do you not? No question, Your Honor. So then is it not in comparison to the additional insured's own policies that one discovers whether one is excess or primary? That's where I part ways with Your Honor because I don't, the in comparison language is not a modifier of the prefatory language at the outset of the other insurance provision that provides as a default that the liberty policy's excess. There's no limiting language in that phrase in comparison to. It doesn't say, but the exception only applies to the additional insured's own policies. Where this exception does not apply, where you're an additional insured under another policy. Let me see if I understand your understanding of this relationship then. As you read the contract, then you agree that you're excess to Schenectady, right? No, Admiral agrees that it is primary, solely primary for Schenectady. You're right, you're right, I apologize. You agree that you're primary to Schenectady's carrier. Yes, we do, Your Honor. All right, so then say there's an injury, and the individual's in one injury, and the injury's got a potential liability of $2 million, right? Then your policy's primary, you'd pay a million. That's your coverage with regard to one incident, right? Correct. And then Schenectady's carrier, Liberty, is on the hook for the second million dollars, right? Correct, for Schenectady. Okay, now. For any liability Schenectady has. But then your view is that as between Krista, Schenectady, and you are both co-primaries, correct? Correct. To the first million. It would- And then, excuse me, and then Krista is the excess, right? Well, there- And you've effectively reduced the coverage of the accident from what would have been, if it's the way Liberty reads it, to $3 million, from $3 million, you, then Liberty, then Krista's carrier, each a million, well, wait a second, I think if you do the math, you'll find this to be the case, to co-primary for a million, and then Krista. You've reduced the coverage for all these folks by a million bucks under your calculation. I respectfully disagree, Your Honor. You do? I don't think that's accurate. Because the fact that Admiral and Liberty are co-primary doesn't reduce the limits. It means that we share it, $50, 50, up to $2 million, and then Krista's coverage would come in. Now, it just so happens that Schenectady and Capital also have excess policies that may come into play before anyone reaches Krista. But co-primary does not reduce the limits. All right. So the bottom line, Your Honors, is that there is no limiting language in the in-comparison phrase, and it's not an independent clause. It doesn't stand on its own. It has no verb. It can't be a sentence. What do you make of the- So what do we do with that? It serves as a modifying role to the exception language that comes before it. Well, New York requires us to give it some meaning. I would submit to the court that its meaning is part of the description of what needs to be in the underlying contract in order to trigger the exception. Let me see if I understand. I may be confused. The in-comparison clause deals with the policies of the sub-subcontractors themselves, and you say it does not limit the unless clauses making of the two major insurance companies co-insurers, joint primaries. That the meaning of it is to go to something about the insurance policies, where the insurance policies of the additional ones come in, and it doesn't say anything about the primary situation between you and Liberty. That's exactly right, Your Honor, and I think the simplest way to look at it, and we've tried to look at it, is it is a single exception with a misplaced comma, and what this court needs to do is look at the Schenectady contract and determine, is the exception triggered? Once the exception's triggered, that's the end of the analysis. You would admit that. And it negates the excess language, and Liberty is a co-primary. You would agree with me that the Admiral policy is not the policy of CRSTA or the state defendants. They're not the named insurers, they're additional insurers, right? That's correct, Your Honor. Okay, fair enough. And the Schenectady contract says, coverage for additional insurance shall apply on a primary and non-contributing basis before any other insurance or self-insurance, including any deductible maintained or provided by the additional insurance. That's correct, Your Honor. And for that reason, and then there's a second paragraph in the contract that reiterates that point, for any insurance available to the additional insurers. And because of that language, that triggers the exception. It negates the excess language in Liberty's policy, which renders the policy primary. Because you have two primary policies under the policy language in New York law, they should share equally. And for that reason, we seek reversal of the district court. Thank you very much. Thank you, Your Honor. For rebuttal, Mr. Patashner. May it please the court, I am Marsh Patashner for Liberty Insurance. It's going to be hard to analyze the insurance policies and provisions at issue better than a district court. I think that she was very clear and concise with her analysis. I think that the phrase, and it's the key phrase, the in comparison to the additional insurance own policy or policies. I think it has to do something. But why does it to say that a phrase has to do something, how does it do what you want it to? There's a phrase which says, and the weather is shining, you wonder why it's there. But it doesn't do anything about what happens before. And I'd like you to pick up on Judge Wesley's discussion of it and show me why under that discussion, it alters what would otherwise, without that phrase, be co-primaries. You agree that without that phrase, it would be co-primaries, don't you? Under New York. Yes, but there's a comma here. Yeah, no, I know, and I don't understand the comma. As I said, my problem remains the same. I don't understand what this phrase means. On the other hand, with a comma, it does something, but I don't understand why its language does what you say it does. So what I'd like you to do is explain to me why that language, why that clause has the effect you say it has. I agree with you, it would be nice to give it some meaning, and one should. But why this meaning rather than the meaning that the sun is shining? Well, these are three successive clauses. There is a comma there. If it was the meaning that Admiral Estates exists, then there wouldn't be a comma there, but there is a comma there. So now you have- But why does in comparison, if you take that as a separate clause, why does it do what you say and limit the effect of the previous? How does it work to limit? You know, I could understand if it said, but this does not mean that we are co-primaries. I mean, you're something like that, but why it doesn't say that? So what does what it says do? This is a three successive clauses. I'm trying to answer your Honor's question. The first clause says generally we're excess. The second clause says there's an exception when we're not excess, and then there's a comma that- And that exception is when by contract, you have to provide primary coverage, correct? Yes. All right. And then it says, but even then, your coverage is primary only compared to the additional insured's own policies. Now, the additional insured's on your policy is not capital, Admiral's insured. Your additional insured's are the general and the owner. Right. So therefore, your primary as to your own contractor, right? No, their primary to- Their primary, and they admit that because you're an additional insured on their policy. Right. But so then it goes, Admiral, then you, and then those above you. Exactly. And I would expect that, for example, the general contractor above us, they probably would be next in line for the owners. Correct. So that's the way it stacks with the general expectations. In fact, the way that this- We're not required to provide primary coverage. Admiral admits this as to Admiral's client, right? Yes, and in fact, the Admiral- That's crystal clear, and then they admit that. Yes, and Admiral's policy, in fact, contains a very specific endorsement that shows that their intent and their understanding was that they'd be primary and not seek contribution from other policies such as the liberty policy. So what happened here is the court actually effectuated everybody's intent and understanding in the way that the district court stacked the various policies. And that would also be, I believe, the intent- Their reading of it would produce a curious result that as between, if a defendant sued both them and you, they're insured and you're insured, just the two of you, they admit that they provide primary coverage for both their person and for your guy, right? Yes. But if they then added the general, they somehow think that your coverage then automatically becomes co-primary with theirs, and then the general comes after them. Yes. That's an odd result. It's an odd result and not the expectations when you have- In fact, the commentators that work in this field identify that as what would be an odd result. Their view of how these contracts work is contrary to Admiral's understanding of how the industry works, right? Yes. Yes. So unless your honors have any further questions, it's a, thank you. Thank you very much. Mr. Kinney? Thank you, your honors. How does it change? How does it change when you add Chris as a co-defendant? It changes by virtue of the language that Liberty chose, your honor. We don't contend- Are you a named insured on Liberty's policy? No, you're not. Is Admiral's insured a named insured on Liberty's policy? No. No, you're not. No. But who is? Schenectady Steel is. And who else is an additional insured? Well, there are four, at least four in this context. Right. Correct. And there are additional insureds under our policies. And there's nothing the commentators say that prohibits two downstream insurers.  I don't, your honor. Because there's specific language in Liberty's policy addressed solely to Schenectady. The Liberty Other Insurance Clause says, we're primary unless any of four or five scenarios apply. One of them is where you have been added as an additional insured under someone else's policy. You is defined to be the named insured, and so is limited to Schenectady. So that- What does the insurance policy of the additional insured, the ones we are talking about, to whom this comparison clause refers, what does it say, these people's policies, about primary and non-primary? What does their policy say? So you're asking about what the state's policy would say, or the funds, or- I'm saying, these additional insured, what do their policies say? Does it say anything about primary or not? I mean, this clause refers to the policies of the additional insured, right? So what does the policies of the additional insureds say about primary and non-primary? None of those policies are in the record, Your Honor, but if they contained a standard ISO commercial general liability coverage form, the standard other insurance language says, as I was reciting to Judge Wesley, our policy is primary unless any of the following circumstances apply. One of those circumstances is if you, defined to be the named insured, are added to another policy as an additional insured by attachment of an endorsement. And that's the basis on which there's a distinction between Schenectady and all the upstream folks who are not named insureds on liberties policies, so that particular exception wouldn't apply. So that's the best answer I can give you, Your Honor, because I just don't have those policies. But with the exception of the state, it might be self-insured, and so that gets us in a whole other realm. Thank you very much, Mr. Kennedy. Okay, you're welcome. We have the benefit of your argument, and we'll reserve decision. Thank you, John. Thank you.